United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Southeast Toyota Distributors, LLC, Plaintiff <br><br> v. <br><br> PCH Communications, LLC, and others, Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 16-60139-Civ-Scola |

## Order Closing Case After Notice of Removal

The Plaintiff, Southeast Toyota Distributors, LLC ("Southeast Toyota"), has sued PCH Communications, LLC ("PCH") and several of PCH's officers, directors, and managing members for claims relating to PCH's alleged breach of contract. (ECF No. 1). In its second amended complaint, Southeast Toyota, in order to preserve complete diversity, chose to remove PCH as a party and proceed only against the individual defendants. (ECF No. 12.) The individual defendants moved to dismiss. (ECF Nos. 24, 35.) Defendants Islam and Wright also moved to stay the litigation because PCH had filed an involuntary petition of Chapter 7 bankruptcy. (ECF No. 42.) Before the Court could rule on the motions, PCH's Chapter 7 trustee filed a notice of removal pursuant to 28 U.S.C. § 1452(a), asserting that this case "implicates both non–core related to, and core matters" of the bankruptcy proceeding. (ECF No. 51.)

Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." The parties agree that the claims in this case are either the property of PCH or would materially affect PCH's bankruptcy. (ECF No 53 at 3–4.) "Therefore, there is bankruptcy jurisdiction over this litigation pursuant to 28 U.S.C. § 1334." (*Id.*)

Bankruptcy courts in this district have found that removal of a case from district court to bankruptcy court may be accomplished through 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027. *MATV–Satellite, Inc. v. Phoenix Leasing, Inc.*, 159 B.R. 56, 59–60 (Bankr. S.D. Fla. 1993). Federal Rule of Bankruptcy Procedure 9027 specifically states that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state *or federal court* where the civil action is pending." (Emphasis added).

Moreover, Local Rule 87.2 automatically refers "all cases under Title 11, United States Code, and all proceeding under Title 11, United States Code or arising in or related to cases under Title 11, United States Code" to "the Bankruptcy Judges for this District and shall be commenced in the

Bankruptcy Court pursuant to the Local Bankruptcy Rules." This applies equally "to notices of removal pursuant to 28 U.S.C. § 1452(a), which shall be filed with the Clerk of the Bankruptcy Court for the Division of the District where such civil action is pending." *Id.* "The removed claim or cause of action shall be assigned as an adversary proceeding in the Bankruptcy Court." *Id.*

The parties have informed the Court that PCH's trustee properly filed the notice of removal with the Bankruptcy Court. (ECF No. 53 at 4.) They agree that the notice of removal "effectively transferred this case to the United States Bankruptcy Court for the Southern District of Florida." (ECF No. 53 at 1.) Accordingly, the Court finds that this case this case should be docketed as an adversary proceeding in the Bankruptcy Court, related to the bankruptcy proceedings of PCH Communications. The Clerk shall **close** this case.

**Done and ordered**, at Miami, Florida, on August 31, 2016.

_____
Robert N. Scola, Jr.
United States District Judge